UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOOM IMAGING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWARD ROE, et al., <br><br> Defendants. | No. 2:19–cv–1544–WBS–KJN <br><br> ORDER DENYING PLAINTIFF'S <u>EX PARTE APPLICATION TO CONDUCT EXPEDITED DISCOVERY</u> <br><br> (ECF No. 26) |

This case concerns the alleged theft of confidential information by Defendant Edward Roe and other ex–employees upon their exit from Plaintiff Zoom's employ. (<u>See</u> ECF No. 1.) The Complaint also names a number of "Doe" Defendants, who Plaintiff believes are more of Roe's co–conspirators.

Presently before the Court is Plaintiff's ex parte application for leave to take expedited discovery prior to the Rule 26(f) scheduling conference.[1] (ECF No. 26.) Therein, Plaintiff asserts that it needs the names of the "Doe Defendants"—Power's current and former employees who originally worked for Zoom and who may have participated in the alleged acts. Plaintiff did not notice the ex parte application for hearing, nor did it follow the Local Rules governing the procedure for discovery disputes. <u>See</u> Local Rule 251(c).

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b) (1).

1

The Court observes no urgency as to warrant this matter being filed ex parte and in derogation of the local rules. Plaintiff asserts it needs the names of these ex–employees to "perfect" its complaint and serve the Doe Defendants within 120 days, per Rule 4(m). However, should Plaintiff find that it can state a claim against any additional defendants, Plaintiff will be able to amend its complaint after discovery has commenced (at which point it will have 120 days to serve them). Further, Plaintiff (somewhat contradictorily) states that it may in fact know the names of the Doe Defendants, and so fails to show need for early discovery. (See ECF No. 26 at 9:22–25, "Zoom has knowledge of which of former Zoom employees downloaded, transferred, and/or accessed confidential information and trade secrets information prior to their departure from Zoom.") Given that Defendant appears open to confirming or denying whether any individuals work (or worked) for Power, it appears Zoom may be able to obtain the information it seeks without Court intervention. (See ECF No. 28 at pp. 8–9.) Finally, although Zoom states it may seek a TRO, no such motion has been filed in the month–and–a–half since Plaintiff filed its Complaint (after first discovering the alleged misappropriation in May of 2019). Thus, no exigency is apparent. See Millennium TGA, Inc. v. Doe, 2012 WL 219329, at *4 (E.D. Cal. Jan. 23, 2012) (denying ex parte application, as "procedural vehicles exist to later add and/or dismiss defendants based on additional facts discovered, if necessary.").

The Court encourages the parties to continue their meet–and–confer efforts to resolve this dispute, as it appears a solution is well underway. Should these efforts fail, the Court is available for an informal telephonic conference. (See Chamber's scheduling procedures for an informal conference at: http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/.) Alternatively, Plaintiffs may elect to file a formal discovery motion and notice it for a hearing, as guided by Local Rule 251.

For these reasons, Plaintiff's ex parte application for leave to conduct expedited discovery (ECF No. 26) is DENIED.

Dated: October 2, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE