8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ZOOM IMAGING SOLUTIONS, INC.,          No. 2:19–cv–1544–WBS–KJN

12              Plaintiff,                  ORDER AFTER INFORMAL TELEPHONIC
                                           DISCOVERY CONFERENCE
13         v.
                                           (ECF No. 40, 43)
14   EDWARD ROE, et al.,

15              Defendants.

16

17         This case concerns the alleged theft of confidential information by Defendant Edward Roe

18   and other ex–employees upon their exit from Plaintiff Zoom's employ.  (See ECF No. 1.)  The

19   Complaint also names a number of "Doe" Defendants, who Plaintiff believes are more of Roe's

20   co–conspirators.  Previously, Plaintiff sought leave to conduct early discovery, which the Court

21   denied. (ECF Nos. 26, 33.)  However, in the Court's previous order, the Court recognized that

22   the parties appeared open to resolving the limited issue of whether former of Plaintiff's

23   employees now worked for Defendant.  (See ECF No. 33 at p. 2.)  The Court encouraged the

24   parties to meet and confer, and contact the undersigned for an informal telephonic conference

25   should the need arise.  (See Id.)  On October 25, 2019, the parties did so request, and the

26   conference was held on October 29.  (ECF No. 43.)

27         After discussing the issue at length with the parties, they appear amenable to proceeding

28   with their first plan for disclosure.  That is, Plaintiff will provide Defendant with a list of

                                                1

Plaintiff's employees that Plaintiff believes (in good faith) stole trade secrets and/or breached a non–disclosure agreement, and Defendants will confirm whether these employees work or worked for Defendant Power. Plaintiff's Counsel agreed to provide this list to Defense Counsel by Friday, November 1, 2019 (the Court sets this deadline for 4pm), and Defense Counsel agreed to provide Plaintiff with responses by Wednesday, November 6, 2019, at noon. To the extent that the Court is required to approve this agreement, it does.

During the informal conference, Plaintiff raised a concern as to the briefing schedule on Defendants' pending motion to stay discovery. (See ECF No. 37.) Plaintiff appeared to be concerned that it had no time to proffer opposition to the motion. The Court notes that Defendant filed its motion to stay under Local Rule 251 (motions dealing with discovery matters). Under this Local Rule, a party can file such a motion and set a hearing date at least 21 days from the date of filing. L.R. 251(a). The parties are required to meet and confer after the initial filing, then submit a joint statement setting forth their respective positions. See L.R. 251(c). This joint statement is due no later than 7 days prior to the hearing. Thus, Defendant's setting of the motion on November 14, 2019 (more than 21 days from the date of filing) was proper under this Local Rule. Plaintiff has until November 7 to meet and confer with Defendant, then present its contentions to the Court on any issues that remain. (See Id.)

SO ORDERED.

Dated: October 30, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

zoom.1544

2