UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOOM IMAGING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWARD ROE, et al., <br><br> Defendants. | No. 2:19–cv–1544–WBS–KJN <br><br> ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY <br><br> (ECF No. 37) |

This case concerns the alleged breach of fiduciary duties and theft of confidential information by Defendant Edward Roe and other ex–employees upon their exit from Plaintiff Zoom's employ. (See ECF No. 1.) On November 8, 2019, District Judge Shubb dismissed the majority of Plaintiff's claims and granted leave to amend. (ECF No. 53.)

Currently before the Court is Defendant Power Business Technology's Motion to Stay Discovery, set for a hearing on November 14, 2019. (ECF No. 37.) Defendant maintains that a stay should be imposed because Plaintiff has no operative complaint, Defendant anticipates filing another motion to dismiss, and formal discovery has yet to begin. (See ECF No. 56.) Plaintiff disagrees, arguing that because several of its claims against Defendant Roe survived Defendant's motion to dismiss, discovery should proceed. (See Id.)

The Court finds that in the interest of judicial economy, a stay of discovery—with certain exceptions—is appropriate. Currently, the majority of Plaintiff's claims have been dismissed. (See ECF No. 53.) Plaintiff has stated that it intends to amend its contract and trade secret claims,

1

and Defendant asserts it intends to file another motion to dismiss. Further, because of the current procedural posture, Judge Shubb has yet to conduct the Rule 26(f) conference, and is likely to vacate the upcoming initial scheduling conference. Thus, a stay of discovery is in line with the principles of judicial economy and the Federal Rules of Civil Procedure. See Song Fi v Google, 2016 WL 9185325 (N.D. Cal. April 27, 2016) (granting a stay of discovery prior to resolution of a motion to dismiss on an amended complaint); Hall v Apollo Group, 2014 WL 4354420 (N.D. Cal. Sept. 2, 2014) (extending stay of discovery while the plaintiff worked on amending the complaint); see also Fed. R. Civ. P. 26(d) ("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order.").

In line with the reasoning above, the Court stays discovery—with the following three exceptions. First, if Plaintiff wishes to conduct early Rule 34 discovery on the two claims that survived Defendant's motion to dismiss— claims for breach of fiduciary duty and breach of duty of loyalty against Defendant Roe (See ECF No. 53 at p. 28)—this stay does not bar those efforts. See Rule 26(d)(2). Second, should the parties wish to stipulate to any other early discovery after Plaintiff has amended the complaint, they may freely do so. See Rule 26(d)(1). Third, should either party wish to present an early discovery request to the Court in an informal telephonic discovery conference, they may do so following the procedures noted on the chamber's website.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant Power's Motion to stay discovery (ECF No. 37) is GRANTED IN PART, as described in the order above, pending resolution of any motions to dismiss on the forthcoming first amended complaint (or after Defendants file their answers); and
2. The hearing on Defendant's motion to stay, currently set for November 14, 2019, is VACATED.

Dated: November 13, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE