UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ZOOM IMAGING SOLUTIONS, INC.,

          Plaintiff,

    v.

EDWARD ROE; MAXWELL RAMSAY; JON
CROSSEN; CORINNE FUEREST; ANDREW
ALSWEET; KEVIN TOON; JASON
PEEBLER; ABIGAIL NEAL; POWER
BUSINESS TECHNOLOGY, LLC; BRYAN
DAVIS; MAURA LOPEZ; JEFFREY
ORLANDO; JESSICA HINTZ, and DOES
1 through 100, inclusive,

          Defendant.

No. 2:19-cv-01544 WBS KJN


ORDER RE: DEFENDANTS' MOTION
TO DISMISS

----oo0oo----

        In its Order of November 8, 2019, this court dismissed,
and gave leave to amend, plaintiff's claims for breach of
contract, breach of implied covenant of good faith and fair
dealing, misappropriation of trade secrets under state and
federal law, intentional interference with contractual relations,
violation of California's Unfair Competition Law ("UCL"), and

violation of the Computer Fraud and Abuse Act.  (Docket No. 23 at 27-28.)

Plaintiff subsequently filed a First Amended Complaint ("FAC") containing the following eleven causes of action: (1) breach of contract against Roe pursuant to the 2017 Executive Agreement; (2) breach of contract against all defendants pursuant to the 2018 Employee Handbook; (3) breach of contract against Roe, Crossen, and Lopez pursuant to the 2013 Employee Handbook; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the California Uniform Trade Secrets Act (CUTSA), Cal. Civ. Code § 3426 et seq.; (6) violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836; (7) intentional interference with contractual relations; (8) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (9) breach of fiduciary duty; (10) breach of the duty of loyalty; and (11) unfair business practices under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.  (Docket No. 61 ("FAC").)

Defendants now move to dismiss all claims of the FAC, except claims (8), (9), and (10).[1]  (Docket No. 68.)

_____

[1]  In its previous order, the court found that plaintiff adequately pleaded causes of action for breach of fiduciary duty and breach of the duty of loyalty against Roe. (Docket No. 53 at 20, 22.)  The court, however, dismissed plaintiff's Computer Fraud and Abuse Act claim because plaintiff did not allege that defendants did not have authorized access to the information they allegedly misappropriated. (Docket No. 53 at 25-26.)  In its FAC, plaintiff now alleges that defendants accessed the systems "without permission, in excess of their authorized scope."  (FAC ¶ 256.)  The allegations suffice to remedy the deficiencies in the original complaint and defendants do not contest that they do.

## I.    Breach of Contract (Counts One, Two, and Three)

In the original complaint, plaintiff alleged one breach of contract claim, wherein plaintiff included violations of three distinct agreements by multiple defendants, none of whom were parties to all three agreements.  The court dismissed plaintiff's claim for failure to comply with Rule 10 of the Federal Rules of Civil Procedure and instructed plaintiff to allege a separate count for each breach of contract claim and to identify the defendants and the provisions each defendant violated.  (Docket No. 53 at 5-7.)

The FAC now alleges three separate breach of contract claims.  The first claim alleges Roe's violation of the non-compete and non-solicitation provisions of the 2017 Executive Agreement (Count One).  (FAC ¶ 60.)  The second claim alleges all defendants' violations of the 2018 Employee Handbook's "Confidentiality Obligation Policy" (Count Two).  (FAC ¶ 74.)  Finally, the third claim alleges Roe, Crossen, and Lopez's breach of the 2013 Employee Handbook's prohibitions on unauthorized disclosure, use, and removal from company premises of Zoom's confidential information (Count Three).  (FAC ¶ 159.)  As instructed by the court, plaintiff has separated each breach of contract claim, and has identified the breaching defendants and the specific provisions breached.  Plaintiff has thus remedied the defects in the original complaint.  Accordingly, the court will not dismiss Counts One, Two, and Three of the FAC.

## II. Breach of Covenant of Good Faith and Fair Dealing (Count Four)

In its previous order, the court dismissed plaintiff's

breach of covenant of good faith and fair dealing for failure to
identify the specific contractual provision that was frustrated
by the defendants' actions.  (Docket No. 53 at 7-8.)

Once again, the complaint does not identify the
specific provisions frustrated by defendants' actions.  Plaintiff
alleges that defendants failed "to make reasonable efforts to
perform his obligations under . . . the agreements in Paragraphs
59-72, 73-80, and 158-164." (FAC ¶ 197.)  Those paragraph ranges
do not refer to specific provisions.  For example, from Paragraph
59 to Paragraph 72, only Paragraph 60 includes contractual
provisions.  Paragraph 60 itself then includes two provisions.
Again, "[t]he court must dismiss plaintiff's claim because it
fails to identify the specific contractual provision frustrated
by defendants' conduct." (Docket No. 53 at 7-8 (citing Ahmadi v.
United Cont'l Holdings, Inc., No. 1:14-CV-00264-LJO, 2014 WL
2565924, at *6 (E.D. Cal. June 6, 2014); Plastino v. Wells Fargo
Bank, 873 F. Supp. 2d 1179, 1191 (N.D. Cal.2012); Perez v. Wells
Fargo Bank, N.A., No. C-11-02279 JCS, 2011 WL 3809808, at *18
(N.D. Cal. Aug. 29, 2011)).)  Accordingly, the court will dismiss
Count Four of the FAC.

**III.** **Misappropriation of Trade Secrets in Violation of CUTSA and DTSA (Counts Five and Six)**

In its previous order, the court dismissed plaintiff's
state and federal law claims for misappropriation of trade
secrets because the complaint did not sufficiently identify the
trade secrets at issue.  (Docket No. 53 at 11-12.)

The FAC now specifically alleges that defendants
misappropriated "[1] Zoom's customer list consisting of key

4

customer contact information and the amounts and frequency of

their purchases from Zoom's business . . . ; [2] the underlying

costs, profit margins, and pricing information, for equipment and

services sold to Zoom's customers by Zoom; [3] Zoom's employee's

costs, including the rates and amounts of insurance premiums,

salary history and information of Zoom's employees . . . ; [4]

the duration and expiration dates of service contracts sold and

service by Zoom; and [5] the specific costs and prices of

maintenance services within the financed loan amounts for Zoom

equipment sold to customers."  (FAC ¶ 213.)

These new allegations sufficiently allege the existence

of trade secrets.  Cf. Ikon Office Sols., Inc. v. Rezente, No.

2:10-1704 WBS KJM, 2010 WL 5129293, at *2 (E.D. Cal. Dec. 9,

2010) (finding allegations of misappropriated customer lists to

suffice at the motion to dismiss stage).  The allegations

"describe the subject matter of the trade secret with sufficient

particularity . . . and permit[] the defendant to ascertain at

least the boundaries within which the secret lies."  Alta

Devices, Inc. v. LG Elecs., Inc., 343 F. Supp. 3d 868, 881 (N.D.

Cal. 2018); see also Imax Corp. v. Cinema Techs., Inc., 152 F.3d

1161, 1164 (9th Cir. 1998).  Because plaintiff has thus remedied

the defect in the original complaint, the court will not dismiss

Counts Five and Six of the FAC.

**IV. Intentional Interference with Contractual Relations (Count 7)**

In evaluating plaintiff's claim for intentional

interference with contractual relations, the court found that

"[p]laintiff's allegations sufficiently plead wrongful conduct

distinct from the alleged misappropriation of trade secrets."

1 (Docket No. 53 at 16.)  The court thus concluded that plaintiff's

2 claim was not preempted by the CUTSA.  (Id.; see also Ikon, 2010

3 WL 5129293, at *4 ("Because this allegation arises from facts

4 different from the claim of misappropriation of trade secrets,

5 the claim is not preempted by CUTSA.").)  The court nonetheless

6 dismissed plaintiff's claim because the complaint did not allege

7 actual breach or disruption of the contractual relationships at

8 issue.  (Docket No. 53 at 17 (citing Walters v. Fid. Mortg. of

9 Cal., 730 F. Supp. 2d 1185, 1210 (E.D. Cal. 2010).)

10        The FAC now alleges that "at least 74 Zoom customers

11 have cancelled their agreements with Zoom."  (FAC ¶ 249.)  The

12 FAC therefore now sufficiently pleads a claim for intentional

13 interference with contractual relations.  (See Docket No. 53 at

14 16-17 (finding that the complaint satisfies all other elements of

15 the cause of action).)  Accordingly, the court will not dismiss

16 Count 7 of the FAC.

17 **V.    Unfair Business Practices (Count 11)**

18        This court previously dismissed plaintiff's original

19 claim under the unlawful prong of the UCL because it explicitly

20 relied on defendant's misappropriation of trade secrets and was

21 therefore preempted by the CUTSA.  (Docket No. 53 at 23.)  Just

22 as in the original complaint, plaintiff's claim in the FAC that

23 defendants acted unlawfully is explicitly based on the same

24 nucleus of facts as trade secret misappropriation.  (FAC ¶ 281

25 (Defendants "have violated the UCL's prohibition against engaging

26 in any unlawful act . . . as a result of their violations of

27 [CUTSA].")  This claim is therefore identical to the

28 misappropriation claim and "there is no material distinction

6

between the wrongdoing underlying" the two claims.  See <u>Ikon</u>,

2010 WL 5129293, at *3.  The CUTSA thus preempts plaintiff's

claim for a violation of the unlawful prong of the UCL.

The court also dismissed plaintiff's original claim

under the unfair prong of the UCL for the same reasons.  In the

original complaint, plaintiff alleged that defendants acted

unfairly because plaintiff "use[d] Zoom's confidential and

proprietary business information" to solicit employees and

customers.  (Docket No. 53 at 23 (citing Complaint ¶ 149).)

Plaintiff has now amended its allegations to allege

that defendants "publicize[d] false business information about

Zoom to its customers . . . and . . . solicit[ed] Zoom's

salespersons and technicians based on false information."  (FAC ¶

282.)  Specifically, plaintiff alleges that defendants Alsweet

and Roe made such allegedly false representations.  (FAC ¶¶

49(c)-(d); Ex. D.)  To make false representations, Alsweet

"use[d] Zoom's confidential information."  (FAC ¶ 49(d).)

Similarly, to reach out to Zoom's customers and communicate

Zoom's alleged closing, "Roe us[ed] Zoom's confidential

information directly and indirectly" (FAC ¶ 65), including Zoom's

customer lists (FAC ¶ 167).

Just as in the original complaint, the alleged unfair

conduct in the FAC relies on the misappropriation allegations, so

the CUTSA preempts this claim.  Accordingly, the court will

dismiss Count 11 of the First Amended Complaint.

**VI.  <u>Further Amendment</u>**

In its Order of November 8, 2019, the court made it

clear what plaintiff needed to do in order to cure the defects in

its complaint with respect to the dismissed claims.  In the
Second Amended Complaint, plaintiff has cured the defects with
respect to the breach of contract, trade secrets, and
interference with contractual relations claims.  However,
plaintiff has failed to cure the defects with respect to its
breach of implied covenant or UCL unfair conduct claims.  Since
plaintiff has been given a full and fair opportunity to do so,
the court must infer that plaintiff is unable in good faith to
allege facts sufficient to state either of those claims.

Under these circumstances, to give plaintiff yet
another opportunity to amend its complaint would serve only to
prolong this litigation, enhance the costs of the opposing party,
and unnecessarily consume additional judicial time and resources.

IT IS THEREFORE ORDERED that defendant's Motion to
Dismiss (Docket No. 68) be, and the same hereby is, GRANTED IN
PART without leave to amend as to the following claims: (1)
breach of implied covenant of good faith (Count Four); and (2)
violation of the UCL for unlawful and unfair conduct (Count 11).

IT IS FURTHER ORDERED that defendant's Motion to
Dismiss be, and the same hereby is, DENIED IN PART as to the
following claims: (1) breach of the 2017 Executive Agreement by
Roe (Count 1); (2) breach of 2018 Employee Handbook by all
defendants (Count 2); (3) breach of 2013 Employee Handbook by
Roe, Cross, and Lopez (Count 3); (4) violation of the CUTSA
(Count 5); (5) violation of the DTSA (Count 6); and (6)
intentional interference with contractual relations (Count 7).

Dated:  January 29, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE