UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOOM IMAGING SOLUTIONS, INC., | No.  2:19–cv–1544–WBS–KJN |
| Plaintiff, | ORDER ON MOTIONS TO COMPEL |
| v. | (ECF Nos. 105, 106, 107, 108) |
| EDWARD ROE, et al., | |
| Defendants. | |

On October 29, 2020, the court held a remote hearing on plaintiff's motions to compel responses to plaintiff's multiple requests for production of documents ("RPDs").  (ECF Nos. 105, 106, 107, 108.)  David Garcia appeared for plaintiff, and Nicholas Karkazis appeared for defendants Roe and Power.  After a lengthy discussion with counsel, the court GRANTS IN PART plaintiff's motions, and issues the following ORDERS:

1. The objections of Defendant Roe concerning plaintiff's alleged failure to identify the trade secrets at issue (expressed in Roe's supplemental responses to RPDs 3-22, 3-25, 3-29, 3-31, 3-33, 3-35, 3-39, 3-54, 3-48, and 3-51) are OVERRULED, as per the district court's order on plaintiff's first amended complaint (see ECF No. 84 at 5:  "These new allegations sufficiently allege the existence of trade secrets.");

2. The objections of Defendants Roe and Power based on privacy (as expressed in Roe's supplemental responses to RPDs 2-11, 2-12, 3-23, 3-26, 3-27, 3-28, 3-34, 3-48, 3-50, 3-51, and 3-53, and Power's responses to RPDs 1-1, 1-2, 2-9, 2-10, and 2-11) are

1

OVERRULED, as the parties have entered into a protective order that moots this issue;

3. The objections of Defendant Roe concerning the relevance of certain RPDs (as expressed in Roe's supplemental responses to RPDs 3-22, 3-25, 3-29, 3-31, 3-33, 3-35, 3-39, 3-54, 3-48, and 3-51) are OVERRULED, as the categories of documents generally appear relevant to plaintiff's claims. Should defendants wish to reassert a specific relevance argument to a specific document, this order does not bar them from doing so;

4. The court DEFERS ruling on the remainder of the objections (concerning attorney-client privilege, the form of the questions, and proportionality/overbreadth), as defendants appear willing to produce documents after the parties have settled on search strings;

5. Regarding the search-string dispute, the parties shall meet and confer on this issue in the days and weeks leading up to November 30, 2020. The parties shall engage in good faith negotiations to solidify the keywords to be used for defendants' production of documents. This includes the general scope of the search—respecting the needs of the particular RPDs, as well as the specific syntax of the string(s) to be used and the types of devices that are to be searched (and any other relevant matter).

    a. If by November 30, 2020, the parties have settled on the search strings to be used, the court will consider this matter concluded.

    b. If the parties have not settled on search strings by November 30, the parties shall meet on that date—in person—to solidify the search strings. The parties shall exchange an attorneys-eyes-only protective order to facilitate this process, as the goal is to efficiently solidify the search parameters—including testing the appropriateness of the search parameters, but not to actually produce any responsive documents on that day. For efficiency, the parties shall invite their respective ESI consultants to this meeting, and shall respect any health restrictions as necessary;

6. Once the parties have agreed on the search strings, they shall agree on a reasonable date certain for defendants' production of documents; and

7. The court refrains from issuing sanctions on either party at this time. However, further

failure of the attorneys to resolve the search string matter or otherwise cooperate in timely, non-obstructive discovery will result in sanctions.

Dated: October 30, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE