UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOOM IMAGING SOLUTIONS, INC., | No. 2:19–cv–1544–WBS–KJN |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 132, 133, 193, 194.) |
| EDWARD ROE, et al., | |
| Defendants. | |

This order concerns defendants' motions to compel responses to two subpoenas. (ECF Nos. 132, 133, 193, 194.) At the February 18, 2022 hearing, Attorneys Thomas Woods and Nicolas Karkazis appeared for defendants Power and Roe, David Garcia appeared for plaintiff Zoom, and Charles Tweedy appeared for third-party respondents Wizix and Johnson.[1] (ECF No. 207.)

For the reasons that follow, Power and Roe's motions to compel are GRANTED IN FULL.

///

///

///

---

[1] This matter was referred to the undersigned by 28 U.S.C. § 636; Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

**DISCUSSION**

Federal Rule of Civil Procedure 45(a)(1)(A)(iii) grants a party the authority to seek a subpoena commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control . . . ." Any objections must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Untimely objections are waived. See Moore v. Chase, Inc., 2015 WL 4393031, at *5 (E.D. Cal. July 17, 2015).

Here, the record indicates the subpoenas were served on third parties Wizix and Johnson in April of 2021, calling for production of documents related to Zoom's case and Power's defenses. (ECF No. 203-1.) Wizix and Johnson did not serve objections within the specified time period. (See Id. at 3, ¶ 9 (decl. Woods).) The parties continued to confer over document production, and Wizix and Johnson produced a number of documents over the subsequent months. Also, Wizix and Johnson asserted they wished to apply an attorneys' eyes only ("AEO") protective order to some of the documents, and the parties conferred about this designation as well. Power and Roe moved to compel responses in May of 2021. (ECF Nos. 132-33.) However, between an October settlement conference and rolling production of documents, the issue was put on hold.

In January of 2022, Power and Roe renewed their motion to compel responses to the subpoenas. (ECF Nos. 193, 194.) On February 15, 2022, Roe and Power filed their portion of the joint statement, as required by Local Rule 251, and noted Wizix and Johnson's arguments were forthcoming. Therein, Power and Roe informed the court that two discrete issues existed about Wizix and Johnson's document production. The first concerned documents responsive to three requests for production. (See ECF No. 203-1 at 21-23 (requests for production 1, 3, and 5, calling for "DOCUMENTS, including COMMUNICATIONS, dated from February 1, 2019, through the present [between Wizix/Johnson and Zoom/Xerox] RELATING TO Roe, Power, Defendants, Lawsuit, and Toshiba.").) The second concerned eight emails between Johnson and various clients labeled "AEO," which Power and Roe contend have no protectable basis. Wizix and Johnson did not file opposition, and counsel for defendants indicated a response would be

filed by Monday, February 14.  However, no response was filed.  On Wednesday the 16th, counsel for defendants informed the court that the disputed AEO documents had increased from 8 to over 200.  (ECF No. 205.)

At the February 18 hearing, counsel for Wizix and Johnson appeared, and despite not having presented briefing, the court permitted arguments.  Counsel first indicated that, as to the communications documents, all had been produced, and so the court ordered a final conferral with his client and submission of a verification that production had concluded.  The court then turned to the AEO issue, and inquired why Wizix and Johnson had changed their position to include hundreds more documents.  Instead, and incredibly, counsel indicated there were potentially millions of documents responsive to the subpoena that had yet to be turned over.  Counsel argued the requests for production were overbroad and potentially privileged.  The court denied Wizix and Johnson's objections, finding them waived, and ordered production within two weeks.  Fed. R. Civ. P. 45(d)(2)(B); Moore, 2015 WL 4393031, at *5.  This production includes Johnson's communications from his Wizix repositories and his personal repositories (hard copies, telephones, computers, etc.).

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motions to compel (ECF Nos. 132, 133, 193, 194) are GRANTED;
2. All objections by Johnson and Wizix regarding the subpoenas, however raised, are DENIED AS WAIVED;
3. Third parties Wizix and Johnson SHALL respond to their respective subpoenas and produce all documents responsive to the requests therein.  The documents shall be produced to Power and Roe by March 4, 2022, along with verifications from Wizix and Johnson that all responsive documents have been produced;
4. Wizix and Johnson are strongly cautioned against failure to respond to the subpoena, as well as non-compliance with the court's rules and this order.  Any further non-compliance will result in the issuance of severe sanctions.  See Fed. R. Civ. P. 37.

Dated:  February 22, 2022

zoom.1544

3

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE