UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOOM IMAGING SOLUTIONS, INC., | No.  2:19–cv–1544–WBS–KJN |
| Plaintiff, | ORDER |
| v. | (ECF No. 210.) |
| EDWARD ROE, et al., | |
| Defendants. | |

      On February 21, 2020, Zoom served initial disclosures, identifying 21 potential people as witnesses, including the 12 individual defendants and 9 others who worked in the parties' industry.  (See ECF No. 210-1 at 31.)  After multiple stipulations to extend the discovery deadlines, the parties settled on a stipulated scheduling order that called for the close of fact discovery on February 28, 2022; the district judge signed this stipulation.  (ECF Nos. 189, 190.)

      On February 17, 2022, Zoom transmitted to Power its supplemental initial disclosures, wherein it asserted there were over 350 witnesses (including the 21 original individuals) who were likely to have discoverable information Zoom would use to support its claims.  (EFC No. 210-1 at 7-15.)  The majority of this list were simply names and phone numbers, with no reference to the subject of their potential testimony, as required by Rule 26.  Power alluded to the issue at a February 18 motion hearing on another matter, and the court advised Zoom to consider revising the list to include a more manageable witness list.  (ECF No. 207.)

1

On February 22, 2022, Zoom transmitted to Power a letter listing a total of 32 witnesses (including the 21 original individuals) as a supplement to its initial disclosures.  (ECF No. 210-1 at 21-22.)

On February 24, 2022, defendant Power filed a motion for sanctions before the assigned district judge, requesting the court strike plaintiff's supplemental disclosures and "supplemental witnesses" or, alternatively, grant a limited extension of time for Power to depose these individuals at Zoom's expense.  (EFC No. 210.)  The district judge referred the matter to the undersigned.  (ECF No. 212.)  The court granted the motion to shorten time, set a briefing schedule, and held a hearing on the matter on March 8, 2022.  (ECF No. 213.)  At the hearing, attorney David Garcia appeared on behalf of plaintiff Zoom, and attorneys Thomas Woods and Nicholas Karkazis appeared on behalf of defendants Power and Roe.

Based on the representations made at the hearing, Zoom has abandoned its assertion that it knows of over 300 individuals who have discoverable information whom Zoom intends to call in support of its claims.  Instead, Zoom stated it intends to stand by the list of witnesses in the February 22 letter.  The court discussed each new witness with the parties, and Zoom indicated:

- Beth Thomas and Megan Paulding were added to the list upon Power's February 2022 noticing of the PMK deposition, and were being offered only as PMK witnesses;
- George Cavallaro and Robert Bass have already been deposed by Power, and Zoom does not intend to discuss topics with these two outside of what was already discussed at their prior depositions;
- Carolyn Sieve was included on the list only as a point of contact for the Toshiba witnesses already disclosed, and so Zoom does not intend to call her as a witness; and
- The remaining 6 witnesses (Walter Smyth, Todd Sanfilippo, Joan Moses, Avison Young, Mark Sanchez, and Will Leonard) are individuals Zoom discovered as a result of recent responses to Zoom's subpoena of Toshiba; they are individuals aligned with Power (5 real estate agents and one creditor); Zoom did not depose or interview these individuals, nor does it plan to do so.

Based on these representations, the court finds exclusion of these witnesses to be inappropriate.

Under Federal Rule of Civil Procedure 26(e), a party's obligation to supplement or correct a disclosure extends to information not known to the other parties. Here, the list is confined to those witnesses identified on the February 22 letter. Zoom disclosed 21 of those at the start of the case. Cavallaro and Bass were deposed by Power months ago, and have been known to Power for some time. Paulding and Thomas were only recently disclosed because of Power's recent noticing of its PMK deposition. Carolyn Sieve will be removed. As to the 6 remaining witnesses, they appear to be individuals aligned with Power (as former real estate agents and a creditor), and Zoom has no plans to depose or even interview them. The court expressed that it may be open to allowing depositions of these 6 witnesses after Power had a chance to review the subject-matter of their anticipated testimony—though any depositions would be at Power's cost and only after Power could secure an extension of time from the district judge to do so. Thus, the court instructed, for clarification purposes, that Zoom transmit its final list of witnesses in supplemental disclosures, as defined by the February 22 letter—and include the subject matter of the 31 witnesses' anticipated testimony (excluding Carolyn Sieve, who Zoom would be removing from the list). The court also counseled the parties to continue conferring on the rescheduling of the two PMK depositions, as was apparently agreed upon before the hearing and despite the close of fact discovery. However, no further relief is warranted at this time on Power's motion to exclude the witnesses.

Further, Power alluded to potential issues with Zoom's damages calculations, indicating that they were unsure of whether Zoom was still attempting to produce documents to support the damages claim. Counsel for Zoom indicated that all documents had been produced, and the only set left to transmit were electronic copies of documents already produced. Given Zoom's representations, no further relief on the damages issue is warranted at this time.

For the reasons discussed at the hearing, it is HEREBY ORDERED that:

1. Given Zoom is not standing by its assertion that the witnesses on the February 17, 2022 supplemental disclosures are those needing to be disclosed under Rule 26(a)(1)(A), Power's motion to strike the witness (ECF No. 210) is DENIED;

2. Zoom shall, by the close of business on Thursday, March 10, 2022, provide to

defendants its pared-down list of witnesses, as outlined by Zoom's February 22 letter to Power, and include the subject matter of each of those witness' testimony;

3. The parties shall continue conferring over their previously agreed-upon scheduling of Power's depositions of the two Zoom PMK's (Beth Thomas and Megan Paulding);

4. Zoom shall, by the close of business March 8, 2022, transmit to Power electronic duplicates of its document disclosures, as agreed to by the parties; and

5. Given that fact discovery has now closed, any further discovery disputes on factual matters may be filed only after the moving party has received the appropriate relief from the district court for a limited extension of time.  In such a motion, the parties are reminded of their duty to show diligence in requesting discovery (or responding thereto).

Dated:  March 9, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

zoom.1544